UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CODY B. WEST, | ) | Case No.: 2:10-CV-01950-GMN-LRL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| RECONTRUST COMPANY; BANK OF AMERICA HOME LOANS; BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, LP; and MERS, aka MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Pending before the Court is a Motion to Dismiss Plaintiff's Amended Complaint filed by South Shore Land Acquisitions, LLC (ECF No. 37), and a Joinder to the Motion to Dismiss filed by Defendants Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. ("MERS"), and ReconTrust Company (ECF No. 39). Also before the Court is Plaintiff's Motion for Joinder (ECF No. 32) and Motion for Preliminary Injunction (ECF No. 48).

**I.    BACKGROUND**

The Court previously granted the Motion to Dismiss filed by Defendants BAC Home Loans Servicing, LP; Bank of America, N.A.; MERS; and ReconTrust Company (ECF No. 11) in an Order dated August 30, 2011. (ECF No. 34.) In the Order, the Court granted Plaintiff leave to amend four (4) of his causes of action – TILA damages, fraud, failure to accept tender of payment, and breach of fiduciary duty. (*Id*. at 13:9-11.) The Court did not grant leave to amend named defendants.

/ / /

## II. DISCUSSION

### A. Plaintiff's Motion for Joinder

In a motion filed August 22, 2011, Plaintiff requested that the court join South Shore Land Acquisitions, LLC ("SSLA") and The Cooper Castle Law Firm, LLP, as necessary and required parties pursuant to Fed. R. Civ. P. 19. Rule 19 requires joinder of persons who are subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction, subject to two conditions:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Plaintiff alleged that SSLA made a claim against the property, and that The Cooper Castle Law Firm threatened to evict Plaintiff from the property. At this stage in the litigation, the Court finds that it can accord complete relief among existing parties in the absence of SSLA and The Cooper Castle Law Firm. The Court also finds that although SSLA and The Cooper Castle Law Firm may claim an interest in the property, disposing of this action in their absence will not impair or impede their ability to protect the interest, nor will it leave any existing party subject to a substantial risk of incurring additional or inconsistent obligations because of the interest.

Furthermore, because none of Plaintiff's permitted amendments in his Second Amended Complaint state a claim against SSLA or The Cooper Castle Law Firm upon which relief may be granted, the Court finds that Plaintiff is not prejudiced by denying the addition of SSLA and The Cooper Castle Law Firm as Defendants.

Therefore, the Court will deny Plaintiff's Motion for Joinder (ECF No. 32).

**B.     Plaintiff's Second Amended Complaint, Motion for Preliminary Injunction**

**1.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to

liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

A preliminary injunction may be issued if a plaintiff establishes: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in

the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest ." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir.2011). "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 973 (1997) (quoting 11 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948 (2d ed.1995)).

**2.  Analysis**

As discussed below, Plaintiff has failed to amend the four (4) causes of action which the Court gave leave to amend:

*(1) Failure to accept tender of payment.*

In his First Amended Complaint (ECF No. 5), Plaintiff alleged a violation of U.C.C. 3-603, refusal of tender of payment.  As the Court noted in its Order, "Plaintiff submitted neither documentation nor meaningful description of his attempts to tender payment in full." (Order, 8:15-16.)  In his Second Amended Complaint (ECF No. 35), Plaintiff fails to submit any facts supporting this allegation.

*(2) Breach of fiduciary duty.*

In his First Amended Complaint, Plaintiff alleged a breach of fiduciary duty based on his "appoint[ment]" of Defendants as fiduciaries.  The Court noted that "Plaintiff fails to allege that Defendants accepted this appointment or to plead any other exceptional circumstances that would give rise to a fiduciary duty between the parties." (Order, 9:6-8.)  As explained in the Court's Order, "[u]nder Nevada law, lenders do not have a fiduciary duty to borrowers, unless the borrowers can plead facts in which a special relationship arose." (Order, 8:23 – 9:1-2.)  In

his Second Amended Complaint, Plaintiff fails to submit any facts supporting an inference that a special relationship existed between Plaintiff and Defendants so as to establish a fiduciary duty.

*(3) Fraud.*

Plaintiff alleged fraud generally and fraud in the inducement in his First Amended Complaint. In its Order, the court explained that "to establish a claim of common law fraud in Nevada, a plaintiff must prove five elements: (1) A false representation made by the defendant; (2) Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) Plaintiff's justifiable reliance on the misrepresentation; and (5) Damage to the plaintiff resulting from such reliance." (Order, 10:5-10.) The court also noted that "Plaintiff's loan apparently originated with Aspen Mortgage, not Defendants." (*Id*. at 10:20-21.) In his Second Amended Complaint, Plaintiff fails to submit any facts to establish fraud.

*(4) TILA violations.*

In his First Amended Complaint, Plaintiff alleged that Defendants failed to provide an opportunity to cancel as required by the Truth in Lending Act (TILA). In its Order, the Court explained that "[a]lthough the one-year statute of limitations for a TILA damages claim has already run for Plaintiff, he may still be able to apply equitable tolling to his TILA damages claim if he can appropriately plead that Defendants prevented him from discovering TILA violations." (Order, 11:23-25 – 12:1.) In his Second Amended Complaint, Plaintiff fails to submit any facts to establish a basis for equitable tolling.

Because Plaintiff fails to amend his Complaint so as to establish any factual basis for maintaining these causes of action, his Second Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Because the Court denied Plaintiff's request to join South Shore Land Acquisitions, LLC, as a Defendant, and did not grant leave to add

defendants, the Court will instead grant dismissal based on the motion filed by Defendants Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. ("MERS"), and ReconTrust Company (ECF No. 39). Because the Court dismisses the remainder of Plaintiff's claims, there is no basis on which to grant Plaintiff's Motion for Preliminary Injunction (ECF No. 48), and the motion will therefore be denied.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Joinder (ECF No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 48) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. ("MERS"), and ReconTrust Company's Joinder to Motion to Dismiss (ECF No. 39) is **GRANTED**. Plaintiff's Second Amended Complaint is hereby **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that South Shore Land Acquisitions' Motion to Dismiss (ECF No. 37) is **DENIED** as moot.

DATED this 13th day of December, 2011.

_____
Gloria M. Navarro
United States District Judge